Phillip B. **KELLER**, Plaintiff–Appellant,

v.

Richard A. **RASMUSSEN**, et al., Defendants–Appellees.

No. 03–1969.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 3, 2004.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Phillip B. Keller, pro se, Wisconsin Resource Center, Winnebago, WI, for Plaintiff–Appellant.

Jody J. Schmelzer, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Wisconsin inmate Phillip Keller appeals the dismissal of his excessive-force lawsuit brought under 42 U.S.C. § 1983 against four guards at the Dodge Correctional Institution. The suit arose from an incident that took place on March 6, 2001, at a disciplinary hearing involving charges of disobeying orders and disruptive conduct. Present at the hearing were Sergeant Glen Hanson, Keller's advocate at the hearing; Officer Michael Paul, the guard who escorted him there; and Lieutenant Richard Rasmussen, the hearing officer. Near the end of the proceedings, tension between Keller and Rasmussen erupted into a physical confrontation, which ended with Hanson and Paul (along with several other guards who appeared on the scene, including Lieutenant Dennis Overlien) forcibly restraining Keller and removing him to a holding cell.

Within a few days, Keller filed an inmate complaint. He claimed that after the March 6 incident he asked several prison officers–whom he identified as "Officer Velasco," "Officer Flier," and "Sergeant Narance"–for medical attention. He complained that his requests were not adequately fulfilled, and that he was thus effectively denied medical care. His complaint did not mention or name any of the officers involved in the original confrontation.

Three weeks later, after this first complaint had been dismissed, Keller drafted a new complaint, alleging for the first time the use of excessive force by Rasmussen, Overlien, Hanson, and Paul. In an apparent effort to circumvent the fourteen-day deadline for filing inmate complaints, Keller identified the date of the incident as "3–6–01 to 3–12–01." The complaint was nevertheless returned to him as untimely.

In July 2002, Keller filed a lawsuit in the district court under § 1983, naming Rasmussen, Overlien, Hanson, and Paul as defendants. (Warden John Bett was also named in the complaint, but the claims against him were dismissed pursuant to 28 U.S.C. § 1915A(a).) Repeating the allegations of his second inmate complaint, Keller claimed to have suffered abusive treatment from the four named defendants. He also indicated that his subsequent medical requests went unanswered, but he did not mention or name any of the guards identified in his first inmate complaint. A magistrate judge, see 28 U.S.C. § 636(c), granted summary judgment for the defendants, finding that Keller had not exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a).

On appeal, Keller devotes most of his brief to the merits of his excessive-force

claim, which were never addressed by the district court. He cursorily argues that the exhaustion-of-remedies requirement was satisfied by his second inmate complaint. But that conclusion is foreclosed by our holding in *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.2002), that "[t]o exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim ... [including] time limits." Keller's second inmate complaint was drafted on March 25, nineteen days after the March 6 incident, and was properly rejected as untimely. *See* Wis. Admin. Code § DOC 310.09(6) ("An inmate shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint"). His second complaint therefore failed to exhaust his remedies as required by § 1997e(a).

In the alternative, Keller suggests that his first administrative complaint adequately placed the defendants on notice of his claim against them, and therefore should be considered adequate exhaustion. We have held that a prison grievance, in order to meet the exhaustion requirement, "must contain the sort of information that the administrative system requires." *Strong v. David,* 297 F.3d 646, 649 (7th Cir.2002). The Wisconsin prison regulations limit a complaint to "only one issue" and require that the inmate "clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e). The only issue identified by Keller's first inmate complaint–and the only issue addressed in the administrative responses to that complaint–is the alleged denial of medical attention by Officers Velasco, Flier, and Narance. Because that complaint did not name any of the defendants or allege any use of excessive force, it did not exhaust Keller's remedies with respect to the March 6 incident involving the defendants.

Because we agree with the district court that Keller failed to exhaust his administrative remedies, we do not address his arguments concerning the merits of his claims. *See Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 535–36 (7th Cir.1999) (failure to exhaust administrative remedies precludes decision on the merits). We briefly mention one further argument of Keller's he suggests that the district court should have granted his "Motion for Continuation to Permit Further Discovery," in which he requested an additional ninety days to pursue written inquiries of the named defendants "or any party in relation to any act arising from this action." This motion was denied as moot on entry of summary judgment, leaving (according to Keller) the court record incomplete. But because the discovery request did not relate to the exhaustion question (the sole basis on which summary judgment was granted), Keller cannot show that he was prejudiced by its denial.

This frivolous appeal earns Keller a "strike" under 28 U.S.C. § 1915(g). *See Lewis v. Sullivan,* 279 F.3d 526 (7th Cir. 2002).

AFFIRMED.